**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon GARCIA–SEDANO,**
**Defendant–Appellant.**

No. 08–30176.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Donald E. Kresse, Jr., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rebecca L. Pennell, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Ramon Garcia–Sedano appeals the 63–month sentence imposed following his guilty plea to being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. He contends that the district court erred in denying his motion for a downward departure and in imposing a sentence above the two-year statutory maximum of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We ... treat the scheme of downward and upward 'departures' as essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006). We view the district court's decision not to deviate from the applicable advisory guidelines range as an exercise of the district court's discretion, and we review for reasonableness. *Id.* at 987. The Sentencing Guidelines provide that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

substantially to the commission of the offense." U.S.S.G. § 5K2.13, p.s.

Garcia–Sedano contends that the district court erred by denying him a downward departure for diminished capacity under U.S.S.G. § 5K2.13 on the basis that his impairment did not make him incapable of controlling his behavior because he demonstrated some control by illegally reentering the United States several times. We disagree with this reading of the district court's decision; the court ruled that it was not persuaded by the record that Garcia–Sedano's diminished mental capacity contributed substantially to his commission of the offense. In imposing sentence, the district court also relied on the need to protect the public and on Garcia–Sedano's disrespect for the law. We conclude that the sentence was reasonable. *See* U.S.S.G. § 5K2.13, p.s. (providing that the court may not depart below the guideline range if "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public"); *Mohamed,* 459 F.3d at 986–87.

Garcia–Sedano also contends that, in imposing a sentence above the two-year statutory maximum, the district court violated his constitutional rights by relying on the fact of a prior conviction neither pleaded nor proved to a jury beyond a reasonable doubt. As he acknowledges, this contention is foreclosed. *See United States v. Grisel,* 488 F.3d 844, 846 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 425, 169 L.Ed.2d 298 (2007).

**AFFIRMED.**